OPINION
{¶ 1} Defendant-Appellant, Kurt Dudli, appeals a judgment of the Crawford County Municipal Court, sentencing him upon his conviction for driving under the influence of alcohol. On appeal, Dudli asserts that the trial court erred by denying his motion to suppress, because there was no reasonable articulable suspicion to believe that Dudli was engaged in any criminal activity. Finding that by entering a plea of guilty to the offense of driving under the influence of alcohol Dudli failed to preserve this issue, we affirm the judgment of the trial court.
 {¶ 2} On the night of February 1, 2005, at approximately 1:20 a.m., Dudli was traveling east bound on Rensselaer Street in Bucyrus, Ohio, which is located in Crawford County. As Dudli approached a railroad crossing, he stopped and began to make a turn in the road. Not being able to complete his turn, Dudli had to stop his vehicle again and back up. He then completed the turn. Trooper Mandy Rodrigues was following Dudli at the time he made this turn. She testified that while she did not come close to hitting Dudli, she did have to stop her vehicle so that Dudli could complete the turn. Trooper Rodrigues then preceded past Dudli, turned around at the next street and initiated a traffic stop.
 {¶ 3} After stopping Dudli and approaching his vehicle, Trooper Rodrigues testified that she detected a slight odor of alcohol. After asking whether Dudli had anything to drink that night, Dudli stated that he had had one or two beers after work. Trooper Rodrigues then returned to her car to inquire with Trooper Rose Swart, because Trooper Rodrigues was in training. After speaking with Trooper Swart, Trooper Rodrigues was advised to give Dudli a horizontal gaze and stagmus test ("HGST"). After returning to Dudli's vehicle and giving him the HGST, Trooper Rodrigues asked Dudli to step out of his vehicle and to perform two additional field sobriety tests.
 {¶ 4} Following the field sobriety tests, Dudli was arrested for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree. On the violation ticket, Dudli was also cited for a U-turn violation in violation of R.C. 4511.37.
 {¶ 5} In March of 2005, Dudli filed a motion to suppress. Specifically, Dudli argued that because he was lawfully able to make a U-turn at the Rensselaer Street railroad tracks, the stop was unlawful.
 {¶ 6} Subsequently, a hearing was held on Dudli's motion. At the hearing, the State presented the evidence of Troopers Rodrigues and Swart. Trooper Rodrigues testified to the above events. Additionally, she testified that she had initially wanted to stop Dudli, because she was unable to see whether he had a front license plate. However, Trooper Rodrigues testified that the reason she put on the ticket for stopping Dudli was the unlawful U-turn.
 {¶ 7} Additionally, the videotape of the stop was played at the hearing. During the video, which was transcribed in the record of the hearing, Trooper Rodrigues asks Trooper Swart about the reason for the stop. At that point, Trooper Swart stated that the stop could be based upon the U-turn. Finally, based upon the stipulation of both parties, several pictures were introduced into evidence and the trial court was told that it could view the intersection in question.
 {¶ 8} Upon review of the evidence presented, the trial court denied Dudli's motion to suppress, finding that Dudli had committed a violation of R.C. 4511.37 and that the stop was lawful.
 {¶ 9} Subsequently, Dudli plead guilty to the offense of operating a vehicle under the influence of alcohol, and the trial court sentenced him upon that conviction. It is from this judgment Dudli appeals, presenting the following assignment of error for our review.
THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW BY DENYINGDEFENDANT/APPELLANT'S MOTION TO SUPPRESS ON THE GROUNDS THATTHERE WAS NO ARTICULABLE SUSPICION TO BELIEVE THAT AN OFFENSE WASTAKING PLACE JUSTIFYING THE STOP.
 {¶ 10} In Dudli's sole assignment of error, he asserts that the trial court erred in denying his motion to suppress. However, we need not consider the merits of Dudli's argument because he waived his right to contest the adverse ruling on this pretrial motion by entering a guilty plea. State v. Kelly (1990),57 Ohio St.3d 127, 128. Specifically, when a defendant enters a guilty plea, he waives the right to challenge a trial court's decision to overrule a pretrial motion to suppress evidence.Huber Heights v. Duty (1985), 27 Ohio App.3d 244. For this reason, Dudli's assignment of error is overruled.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.