OPINION
{¶ 1} Having vacated the previously issued opinion in this case, State v. Dudli, 3d Dist. No. 3-05-13, 2005-Ohio-6865, we issue the following opinion upon motion for reconsideration.
 {¶ 2} Defendant-Appellant, Kurt Dudli, appeals a judgment of the Crawford County Municipal Court, sentencing him upon his conviction for driving under the influence of alcohol. On appeal, Dudli asserts that the trial court erred by denying his motion to suppress because the officer did not have a reasonable articulable suspicion to believe that Dudli was engaged in any criminal activity at the time of the stop. Upon review of the evidence, we find that the officer did have a reasonable articulable suspicion to stop Dudli and that the trial court properly denied Dudli's motion to suppress. Thus, the judgment of the trial court is affirmed.
 {¶ 3} On the night of February 1, 2005, at approximately 1:20 a.m., Dudli was traveling east bound on Rensselaer Street in Bucyrus, Ohio, which is located in Crawford County. As Dudli approached a railroad crossing, he stopped and began to make a U-turn in the road. Not being able to complete his turn, Dudli had to stop his vehicle again and back up. He then completed the turn. Highway Patrol Trooper Mandy Rodrigues was following Dudli at the time he made this turn. She testified that while she did not come close to hitting Dudli, she did have to stop her vehicle so that Dudli could complete the turn. Trooper Rodrigues then preceded past Dudli, turned around at the next street and initiated a traffic stop.
 {¶ 4} After stopping Dudli and approaching his vehicle, Trooper Rodrigues testified that she detected a slight odor of alcohol. After asking whether Dudli had anything to drink that night, Dudli stated that he had had one or two beers after work. Trooper Rodrigues then returned to her car to inquire with Highway Patrol Trooper Rose Swart, because Trooper Rodrigues was in training. After speaking with Trooper Swart in person, Trooper Rodrigues was advised to give Dudli a horizontal gaze and stagmus test ("HGST"). After returning to Dudli's vehicle and giving him the HGST, Trooper Rodrigues asked Dudli to step out of his vehicle and to perform two additional field sobriety tests.
 {¶ 5} Following the field sobriety tests, Dudli was arrested for operating a vehicle under the influence in violation of R.C.4511.19(A)(1)(d), a misdemeanor of the first degree. On the violation ticket, Dudli was also cited for a U-turn violation in violation of R.C. 4511.37.
 {¶ 6} In March of 2005, Dudli filed a motion to suppress. Specifically, Dudli argued that because he was lawfully able to make a U-turn at the Rensselaer Street railroad tracks, the stop was unlawful.
 {¶ 7} Subsequently, a hearing was held on Dudli's motion. At the hearing, the State presented the testimony of Troopers Rodrigues and Swart. Trooper Rodrigues testified to the above events. Additionally, she testified that she had initially wanted to stop Dudli, because she was unable to see whether he had a front license plate. However, Trooper Rodrigues testified that the reason she wrote on the ticket for stopping Dudli was the unlawful U-turn.
 {¶ 8} Additionally, the videotape of the stop was played at the hearing. During the video, which was transcribed in the record of the hearing, Trooper Rodrigues asked Trooper Swart about the reason for the stop. At that point, Trooper Swart states that the stop could be based upon the U-turn. Finally, based upon the stipulation of both parties, several pictures were introduced into evidence and the trial court was told that it could view the intersection in question.
 {¶ 9} Upon review of the evidence presented, the trial court denied Dudli's motion to suppress, finding that Dudli had committed a violation of R.C. 4511.37 and that the stop was lawful.
 {¶ 10} Subsequently, Dudli pled no contest to the offense of operating a vehicle under the influence, and the trial court sentenced him upon that conviction. It is from this judgment Dudli appeals, presenting the following assignment of error for our review.
THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW BY DENYINGDEFENDANT/APPELLANT'S MOTION TO SUPPRESS ON THE GROUNDS THATTHERE WAS NO ARTICULABLE SUSPICION TO BELIEVE THAT AN OFFENSE WASTAKING PLACE JUSTIFYING THE STOP.
 {¶ 11} In Dudli's sole assignment of error, he asserts that the trial court erred in denying his motion to suppress. Specifically, Dudli asserts that the trial court erred in finding that he had violated R.C. 4511.37 and that Trooper Rodrigues did not have a reasonable articulable suspicion for making the stop.
 {¶ 12} Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. United Statesv. Martinez (11th Cir. 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Carter
(1995), 72 Ohio St.3d 545, 552. As such, a reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. The reviewing court then applies the factual findings to the law regarding suppression of evidence. An appellate court reviews the trial court's application of the law de novo. State v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 13} The United States Supreme Court has held that investigative stops and searches will be justified if the officer has a reasonable suspicion supported by articulable facts. U.S.v. Sharpe (1985), 470 U.S. 675, 676, 105 S.Ct. 1568. A law enforcement officer does not need probable cause for arrest in order to make an investigative stop, but needs only specific and articulable facts warranting the officer's further investigation.State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. In determining whether reasonable suspicion exists, a reviewing court must look to the totality of the circumstances. State v.Andrews (1991), 57 Ohio St.3d 86, 89.
 {¶ 14} Dudli argues that the U-turn did not violate R.C.4511.37. R.C. 4511.37(A) provides:
Except as provided in division (B) of this section, no vehicleshall be turned so as to proceed in the opposite direction uponany curve, or upon the approach to or near the crest of a grade,if the vehicle cannot be seen within five hundred feet by thedriver of any other vehicle approaching from either direction.
 {¶ 15} Regardless of whether Dudli violated R.C. 4511.37, we are satisfied that Trooper Rodrigues had a reasonable articulable suspicion for stopping Dudli based upon his stopping and backing up in the middle of the street. As noted above, at 1:20 a.m., Trooper Rodrigues was traveling behind Dudli, when she observed Dudli approaching a railroad crossing. Trooper Rodrigues then witnessed Dudli begin to make a turn in the street. Not being able to complete his turn, Dudli had to stop his vehicle again and back up in the street. He then completed the turn. We find that based upon the totality of the circumstances, as described by Trooper Rodrigues, there were specific and articulable facts warranting that Trooper Rodrigues further investigate.Brandenburg, 41 Ohio App.3d 109.
 {¶ 16} Having found that there was a reasonable articulable suspicion to support Trooper's Rodrigues stopping Dudli, we find it unnecessary to determine whether Dudli violated R.C. 4511.37. Accordingly, the sole assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.