{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Kayla L. Johnson, appeals the judgment of the Findlay Municipal Court of Hancock County denying her motion to suppress evidence regarding a charge of operating a vehicle while under the influence of alcohol. On appeal, Johnson asserts that the trial court erred by failing to suppress the evidence because it resulted from an improper extended detention following a traffic stop. Based on the following, we affirm the judgment of the trial court.
 {¶ 3} In December 2006, Johnson was charged by complaint with one count of operating a vehicle after underage consumption of alcohol in violation of R.C. 4511.19(B)(3), a misdemeanor of the fourth degree, and one count of an inoperable license plate light in violation of R.C.4513.03, a minor misdemeanor. The complaint stemmed from an incident whereby a State Trooper pulled Johnson over for an equipment violation, administered field sobriety tests, and subsequently arrested her for underage drinking.
 {¶ 4} In January 2007, Johnson entered a plea of not guilty to both counts of the complaint. *Page 3 
 {¶ 5} In April 2007, Johnson moved to suppress the evidence obtained during her detention following the traffic stop.
 {¶ 6} In June 2007, the trial court conducted a hearing on Johnson's motion to suppress, during which the following testimony was presented.
 {¶ 7} Trooper Kyle Shearer of the Ohio State Highway Patrol testified that he was on patrol in a marked car in the City of Findlay on the early morning of December 13, 2006; that, at around 2:45 a.m., he observed a black Pontiac driven by Johnson go past him and noticed that the vehicle did not have a license plate light on it; that he then activated his overhead lights and initiated a traffic stop; that he approached the vehicle and asked Johnson for her driver's license, proof of insurance, and registration; and, that he detected an odor of an alcoholic beverage emitting from inside the vehicle.
 {¶ 8} Trooper Shearer continued that three passengers were also in the vehicle; that he could not tell who was emitting the alcoholic beverage odor; that he noticed that Johnson's eyes were bloodshot and glassy while he was talking with her; that, after viewing Johnson's driver's license, he asked her to step out of the vehicle; that, as he escorted Johnson to his vehicle, he asked her the date and she replied "the 14[th] "(suppression hearing tr., p. 19); that, after placing Johnson in his vehicle, he could smell an odor of an alcoholic beverage on or about her person; that he administered the horizontal gaze nystagmus ("HGN") test and *Page 4 
received all six clues; that he gave Johnson the option of taking her heels off before he administered field sobriety tests, but she kept them on; that it had rained that evening and the pavement was damp; that she moved before instructed to do so, turned incorrectly, and lost her balance on one turn during the walk and turn test; that Johnson skipped a number while counting during the one leg stand test; that he asked Johnson how much she had to drink and she said "nothing" but then said she had one drink; and, that he then administered a portable breath test on Johnson and arrested her.
 {¶ 9} On cross-examination, Trooper Shearer admitted that the sole reason he stopped Johnson was the equipment violation and that she was not driving erratically or violating any traffic laws; that he did not ask the passengers for identification and did not know whether they were of legal age to consume alcohol; that, when he first smelled an odor emitting from the vehicle, he did not know whether Johnson had consumed any alcohol or was a designated driver; that bloodshot eyes can be common late at night; that Johnson's heels could have affected her walk during the field sobriety tests; that Johnson registered a 0.052 grams of alcohol per two hundred ten liters of breath; and, that none of the tests were captured on his vehicle's video camera. *Page 5 
 {¶ 10} Thereafter, the trial court denied Johnson's motion to suppress, finding that Trooper Shearer had reasonable suspicion to detain Johnson following the traffic stop and had probable cause to arrest her.
 {¶ 11} In August 2007, Johnson withdrew her not guilty plea and entered a negotiated plea of no contest to the operating a vehicle after underage consumption of alcohol count in exchange for a dismissal of the inoperable license plate light count. The trial court accepted Johnson's no contest plea and found her guilty of operating a vehicle after underage consumption of alcohol. Subsequently, the trial court sentenced Johnson to thirty days in jail, with twenty-five days suspended, ordered her to pay a $250 fine, suspended her license for one year with limited privileges, and ordered her to complete a driver's intervention program.
 {¶ 12} It is from this judgment that Johnson appeals, presenting the following assignment of error for our review.
 THE MUNICIPAL COURT ERRED WHEN IT FAILED TO SUPPRESS ALL OF THE EVIDENCE GARNERED BY THE OHIO STATE HIGHWAY PATROL RELATIVE TO THE OVIUAC CHARGE WHICH RESULTED FROM THE EXTENDED DETENTION OF THE DEFENDANT WITHOUT NEW PROBABLE CAUSE OR AN ARTICULABLE SUSPICION AFTER THE INITIAL DETENTION FOR AN EQUIPMENT VIOLATION, TO WIT: DEFECTIVE LICENSE PLATE LIGHT. *Page 6 
 {¶ 13} In her sole assignment of error, Johnson asserts that the trial court erred by failing to suppress the evidence obtained from her extended detention. Specifically, Johnson contends that Trooper Shearer did not have reasonable suspicion or probable cause to detain her beyond the initial detention for an equipment violation. We disagree.
 {¶ 14} "Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact." State v. Dudli, 3d Dist. No. 3-05-13, 2006-Ohio-601, ¶ 12, citing United States v.Martinez (11th Circ. 1992), 949 F.2d 1117. The trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight to be given to the evidence presented.State v. Johnson (2000), 137 Ohio App.3d 847, 850. Therefore, when an appellate court reviews a trial court's ruling on a motion to suppress, it must accept the trial court's findings of facts so long as they are supported by competent, credible evidence. State v. Roberts,110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, citing State v. Fanning (1982),1 Ohio St.3d 19, 20. The appellate court must then review the application of the law to the facts de novo. Roberts, supra, citing State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.
 {¶ 15} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. Neither the Fourth Amendment to the United States Constitution nor *Page 7 
Section 14, Article I of the Ohio Constitution explicitly provides that violations of its provisions against unlawful searches and seizures will result in the suppression of evidence obtained as a result of such violation, but the United States Supreme Court held that the exclusion of evidence is an essential part of the Fourth Amendment. Mapp v.Ohio (1961), 367 U.S. 643, 649; Weeks v. United States (1914),232 U.S. 383, 394. The primary purpose of the exclusionary rule is to remove the incentive to violate the Fourth Amendment and thereby deter police from unlawful conduct. State v. Jones, 88 Ohio St.3d 430, 435, 2000-Ohio-374, abrogated by State v. Brown, 99 Ohio St.3d 323, 2003-Ohio-3931.
 {¶ 16} The temporary detention of a person during a traffic stop is a seizure. State v. Downs, 6th Dist. No. WD-03-030, 2004-Ohio-3003, at ¶ 10, citing State v. Vass, 7th Dist. No. 01CA 4, 2002-Ohio-6887, at ¶ 12, citing Delaware v. Prouse (1979), 440 U.S. 648. The United States Supreme Court has held that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by theFourth Amendment's prohibition on `unreasonable searches.'" UnitedStates v. Jacobsen (1984), 466 U.S. 109, 124. Therefore, "[t]he scope and duration of an investigative stop must not exceed what is necessary to complete the purpose for which the initial stop was made." State v.Lavender, 6th Dist. Nos. WD-06-020 WD-06-021, 2006-Ohio-6632, ¶ 14, citing Florida v. Royer (1983), 460 U.S. 491, *Page 8 
500, and State v. Robinette (1997), 80 Ohio St.3d 234, paragraph one of the syllabus.
 {¶ 17} More specifically, a police officer conducting an investigative traffic stop may lawfully detain the motorist for a reasonable amount of time necessary to check his license, registration, and plates, and to give him a warning or a citation. Lavender, supra, citing State v.Rusnak (1997), 120 Ohio App.3d 24, 27. However, a police officer "[c]annot use the lawfulness of an initial stop to conduct a fishing expedition for evidence of another crime." Lavender, supra, citingState v. Bevan (1992), 80 Ohio App.3d 126, 130. Instead, a request to perform field sobriety tests "must be separately justified by specific, articulable facts showing a reasonable basis for the request." State v.Evans (1998), 127 Ohio App.3d 56, 62, citing State v. Yemma (1996), 11th Dist. No. 95-P-0156, 1996 WL 495076. Whether an officer acted reasonably in conducting roadside sobriety tests depends upon the totality of the circumstances. Evans, 127 Ohio App.3d at 63.
 {¶ 18} Here, Johnson does not dispute the validity of the initial traffic stop for an equipment violation, to wit: a burned out license plate light. Instead, Johnson asserts that no facts existed to support an independent, articulable suspicion to justify her further detention.[1] In support of her argument, Johnson *Page 9 
relies on cases where courts have found that a slight odor of an alcoholic beverage from the vehicle, combined with bloodshot eyes and an admission of drinking an alcoholic beverage, was insufficient to establish an articulable suspicion for further detention following a stop for a minor traffic infraction. See, e.g., State v. Reed, 7th Dist. No. 05 BE 31, 2006-Ohio-7075 and State v. Dixon (2000), 2d Dist. No. 2000-CA 30, 2000 WL 1760664.
 {¶ 19} Although Johnson's case is similar in that she did not drive erratically or have slurred speech, she overlooks an important factor distinguishing this case from those she relied upon — her age. At the time of the incident, Johnson was an eighteen-year old driver of a vehicle in which an odor of an alcoholic beverage emanated. Johnson also exhibited bloodshot, glassy eyes. While an odor of an alcoholic beverage and bloodshot, glassy eyes alone may not be enough to extend the detention of a driver of legal drinking age during a stop for a minor traffic infraction, we cannot say the same of a driver who is not of legal age to even consume alcohol.
 {¶ 20} Moreover, we have also reviewed the contents of the video taken from Trooper Shearer's vehicle. We note that, after talking with Johnson about her license plate and obtaining her license and registration, Trooper Shearer inquired about her age and learned that she was eighteen. Trooper Shearer then *Page 10 
asked Johnson to step out of the vehicle. Accordingly, the fact that Johnson was under the legal drinking age, was driving a vehicle that emanated an odor of an alcoholic beverage, and had bloodshot, glassy eyes constitutes independent, articulable grounds to justify her further detention. Because Trooper Shearer had a reasonable, articulable suspicion to further detain Johnson, we find that the trial court did not err by overruling her motion to suppress.
 {¶ 21} Accordingly, we overrule Johnson's assignment of error.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] We note that, while Johnson primarily argues that a reasonable, articulable suspicion was lacking, she also uses the phrase "probable cause" at times. However, the two phrases are not interchangeable, as probable cause is a more stringent standard. See, e.g., Fairlawn v.Skoblar (1997), 122 Ohio App.3d 464, 466. Moreover, following a valid traffic stop, only a reasonable, articulable suspicion is required for further detention. State v. Chatton (1984), 11 Ohio St.3d 59. Probable cause is then required for an arrest. Evans, 127 Ohio App.3d at 64
(citations omitted). Johnson does not contend that Trooper Shearer lacked probable cause to arrest her after administering the field sobriety and portable breath tests. *Page 1