[Cite as *State v. Miller*, 2013-Ohio-985.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

     Appellant

     v.

KYLE MILLER

     Appellee

C.A. No.     12CA0070-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     12 CR 0097

DECISION AND JOURNAL ENTRY

Dated: March 18, 2013

HENSAL, Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the trial court's granting of Defendant-Appellee, Kyle K. Miller's, motion to suppress. For the reasons set forth below, this Court reverses and remands.

I.

{¶2} On February 4, 2012, Officer Michael Patterson stopped a vehicle driven by Kyle Miller after a computer check revealed expired license plates. As Officer Patterson approached the vehicle, he noticed that the sticker on the rear license plate appeared current. Miller told the officer he renewed the plates that morning. Miller appeared very nervous and attributed it to the fact that he had prior police involvement for drug possession. Miller also gave suspicious and conflicting answers to questions regarding the reason for his presence in the area. In addition, Officer Patterson believed Miller sat in such a way as to hide something in the vehicle.

{¶3}    Upon returning to his cruiser to verify Miller's information, Officer Patterson prepared a written warning for driving with expired license plates.  He handed Miller the warning, and told him he was free to go.  After starting to walk back to his cruiser, Officer Patterson turned around and approached Miller again.  He asked for consent to search the vehicle, to which Miller agreed.  The search produced one rock of cocaine, a broken drug pipe, a complete drug pipe and other drug paraphernalia.

{¶4}    The Grand Jury indicted Miller on one count of possession of cocaine.  Miller filed a motion to suppress to challenge his detainment and search past the point when the officer learned the license plates were valid.  The trial court held a hearing after which it issued a judgment entry finding the extended detention and subsequent search of Miller invalid.

{¶5}    The State now appeals this judgment entry and raises three assignments of error for review.  For ease of analysis, this Court rearranges the Appellant's assignments of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN GRANTING MILLER'S MOTION TO SUPPRESS BECAUSE OFFICER PATTERSON HAD REASONABLE ARTICULABLE SUSPICION JUSTIFYING A PROLONGED DETENTION.

{¶6}    The State argues that the trial court erred in granting Miller's motion to suppress because his suspicious behavior justified Officer Patterson's belief that he had reasonable, articulable suspicion to extend Miller's detention and perform the subsequent search.  The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then

independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. This Court will review the trial court's factual findings for competent, credible evidence and its legal conclusions de novo. *State v. Ross*, 9th Dist. No. 12CA010196, 2012-Ohio-6111, ¶ 7.

{¶7} Miller does not dispute that the initial stop for what appeared to be an expired license plate was valid. Police officers may detain a motorist for a period of time that is sufficient to perform a check of the driver's license, registration, vehicle plates and to issue a ticket or warning. *State v. Davenport*, 9th Dist. No. 11CA010136, 2012-Ohio-4427, ¶ 6. Miller's motion to suppress challenged the length of his detainment and resulting search as both occurred past the point in which Officer Patterson learned that the license plates were valid.

{¶8} An officer may, however, continue to detain a motorist further if the officer has a reasonable, articulable suspicion of criminal activity different than that which led to the initial detainment. *Ross* at ¶ 8. The Ohio Supreme Court has held that:

> When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

(Emphasis omitted.) *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997).

{¶9} The trial court held that the testimony regarding Miller's suspicious behavior during the stop was not enough to justify a reasonable, articulable suspicion of criminal activity and found that the search was improper. Officer Patterson himself testified that he believed the only legal way to search the vehicle was with Miller's consent. Based upon the testimony, this Court finds that there is competent, credible evidence to support the trial court's finding that

Miller's prolonged detainment was improper. Accordingly, the State's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS BECAUSE MILLER GAVE VOLUNTARY CONSENT TO SEARCH THE VEHICLE.

**{¶10}** The State argues that based on a totality of the circumstances, Miller's consent to the search was valid. It is well settled that, "[v]oluntary consent, determined under the totality of the circumstances, may validate an otherwise illegal detention and search." *Robinette* at 241. "Once an individual has been unlawfully detained by law enforcement, for his or her consent to be considered an independent act of free will, the totality of the circumstances must clearly demonstrate that a reasonable person would believe that he or she had the freedom to refuse to answer further questions and could in fact leave." *Id.* at 245-246.

**{¶11}** The trial court failed to make any determination on whether Miller's consent was voluntary based on a totality of the circumstances. The trial court stated that, "[i]f the officer thereafter seeks and obtains consent to search absent some reasonable, articulable suspicion of criminal activity other than the traffic violation, the continued detention and the consent is deemed involuntary, rendering a search unlawful." The practical effect of such a holding is that consent is never voluntary if it occurs during or immediately after an invalid detention. This directly contravenes the Ohio Supreme Court's holding in *Robinette*. Accordingly, the State's first assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN SUPPRESSING THE EVIDENCE WHEN IT DID NOT FIND THAT THE DETERRENT VALUE OF SUPPRESSION

OUTWEIGHED THE "SIGNIFICANT SOCIAL COSTS," AS REQUIRED BY HOLDINGS OF THE UNITED STATES SUPREME COURT.

{¶12} Given our resolution of the State's first assignment of error, it is premature to rule on the State's third assignment of error, and we decline to address it.

III.

{¶13} The State's first assignment of error is sustained, the second assignment of error is overruled and the third assignment of error is premature. In light of the foregoing, this Court reverses the judgment of the Medina County Court of Common Pleas granting Miller's motion to suppress and remands the matter to the trial court for additional proceedings to determine whether Miller's consent was voluntary.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURRING.

{¶14} Although I concur in the majority opinion, I write separately to emphasize that the issue of consent is analyzed differently under circumstances where there is an unlawful detention. The First District discussed this distinction in *State v. Gunn*, 1st Dist. No. C-070016, 2007-Ohio-6874, ¶ 9, where the court stated as follows:

> In the context of a lawful detention, voluntariness is judged by the totality of the circumstances, and it need not be proved that the defendant in fact knew that he had the right to refuse his consent. But when a defendant consents while being unlawfully detained in violation of the Fourth Amendment, courts apply a different test to judge the validity of the consent. In such situations, consent is presumed in law to be tainted and is held to be invalid unless the state proves that it was not "the product of the illegal detention, [but was rather the] result of an independent act of free will." The Ohio Supreme Court has held that consent is the result of an independent act of free will when the totality of the circumstances clearly demonstrates that a reasonable person would have believed that he had the freedom to refuse to answer further questions and could in fact leave the scene.

(Internal citations and quotations omitted). *Gunn* at ¶ 9.

APPEARANCES:

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellant.

DAVID C. SHELDON, Attorney at Law, for Appellee.